UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HITACHI MEDICAL SYSTEMS AMERICA, INC. | ) ) ) | CASE NO. 5:09CV1187 |
| | ) | JUDGE JOHN R. ADAMS |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER AND DECISION** |
| | ) | |
| DAREY PHILBRICK, M.D., | ) ) | |
| Defendant. | ) | |

This matter appears before the Court on Defendant's Motions to (1) Set Aside Default Judgment, (2) to Dismiss for Failure to Perfect Service, and (3) to Transfer Venue. (Doc. 16). For the following reasons, Defendant's motions are each DENIED.

**I.     PROCEDURAL HISTORY**

On May 22, 2009, Hitachi Medical Systems America ("Hitachi") filed a complaint against Darey Philbrick, M.D. On May 26, 2009, the Clerk's office attempted to serve Philbrick by certified mail. The mail was returned unclaimed on June 14, 2009. The Clerk's office, pursuant to Loc.R. 4.2, then sent the complaint by ordinary mail. The clerk received no notification that the mail was undeliverable.

The Clerk of Court entered default against Philbrick on August 21, 2009, and the Court granted default judgment on October 27, 2009. The Court's order was also sent to Philbrick via ordinary mail. On October 19, 2010, Philbrick filed the instant motions.

**II.    LAW AND ANALYSIS**

**A.  Constitutionality of the Rules of Service**

Philbrick argues that Loc.R. 4.2 is unconstitutional because it denies Philbrick his right to due process.  (Doc. 16, p. 1).  Philbrick further argues that, after setting aside the default judgment, this Court should dismiss the case for insufficient service of process.  (Doc. 16, p 8).

Service of process is not required to be made by the best possible means.  *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  Service, however, must be made in a manner "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane*, 339 U.S. at 314.

Fed. R. Civ. P. 4(e) allows for service of process to be made pursuant to the rules of the state in which the district court is located.  Ohio Rules of Civil Procedure 4.6(D) allows for service of process to be made by ordinary mail if the certified mail was returned unclaimed. "Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery."  Civ.P. 4.6(D).  Courts have found Civ.R. 4.6(D) to be a constitutionally valid method of service.  *See Taylor Made Golf Co., Inc. v. Eagle Golf Products, Inc.*, 176 F.R.D. 537(N.D. Ohio 1997); *Ferrie v. Ferrie*, 2 Ohio App.3d 122, 123 (1981); *J.R. Productions, Inc. v. Young*, 3 Ohio App.3d 407 (1982).  *Cf. In re Park Nursing Ctr., Inc. v. Samuels,* 766 F.2d 261, 263 (6th Cir. 1985) (Bankruptcy rule that allows for service by first class mail "satisfies due process requirements when interpreted in light of other remedies: namely, Federal Rules of Civil Procedure 55(c) and 60(b)").

Because Civ.R. 4.6(D) is a constitutionally valid method of service, Philbrick's argument that the method of service unconstitutionally denied him his right to due process is without merit. Service was perfected because it was made in compliance with Loc.R. 4.2.

### B. Setting Aside a Default Judgment Pursuant to Federal Rule of Civil Procedure 60(b).

In filing a motion to set aside a default judgment under Rule 60(b)(6), the Sixth Circuit requires the moving party to demonstrate exceptional or extraordinary circumstances.  *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).  *See also Fuller v. Quire*, 916 F.2d 358, 360 (6th Cir. 1990).  "In addition to the requirement of exceptional circumstances, a Rule 60(b)(6) movant must also satisfy the three equitable factors required for Rule 55 relief: (1) lack of prejudice to the plaintiff; (2) a meritorious defense; and (3) whether the defendant's culpable conduct led to the judgment."  *Export-Import Bank of U.S. v. Advanced Polymer Sciences, Inc.*, 604 F.3d 242, 247 (6th Cir. 2010).  In deciding whether to set aside a default judgment, a court should also consider public policy, respect for the finality of judgments and ending litigation.  *See Weiss v. St. Paul Fire and Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002) citing *Waifersong, Ltd. Inc. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir.1992).

The facts in this case fail to demonstrate exceptional or extraordinary circumstances.  The certified mail was returned unclaimed.  The ordinary mail was not returned as undeliverable.  Accordingly, service was perfected in compliance with Loc.R. 4.2.  Moreover, this Court also served Philbrick with its default judgment.  Philbrick does not allege that the mailing address was incorrect or that some other person could have intercepted the mail.  Philbrick only presents a self-serving affidavit that he never received service, and he waited nearly a full year before even making that assertion.  Because Philbrick has failed to demonstrate exceptional or extraordinary circumstances, his motion to Set Aside Default Judgment is denied.

### III.   CONCLUSION

For the reasons set forth herein, the Court denies the Defendant's motion to Set Aside Default Judgment.  Defendant's remaining motions, to dismiss and to change venue, are therefore, also denied as they would only be proper if this matter were reopened.

IT IS SO ORDERED.

DATE: March 7, 2011  /s/ John R. Adams
Judge John R. Adams
UNITED STATES DISTRICT COURT